UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN S. MIGUEL, :
    Petitioner, :
     :
v. : C.A. No. 19-422WES
     :
PATRICIA A. COYNE-FAGUE, :
    Respondent. :

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge.

On August 8, 2019, *pro se* Petitioner John S. Miguel filed a 118-page handwritten Petition for Writ of Habeas Corpus, which he claims to bring pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondent, State of Rhode Island, filed a Motion to Dismiss the Petition. ECF No. 5. Petitioner objected. ECF No. 6. The Motion to Dismiss was referred to me for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After reviewing the Motion and Petition, I recommend that the Motion to Dismiss (ECF No. 5) be GRANTED and that the Petition be DISMISSED.

**I.    BACKGROUND**

On January 16, 1992, Petitioner pled guilty to second degree murder in Rhode Island Superior Court and received a sentence of life imprisonment. See Miguel v. State, 774 A.2d 19, 20-21 (R.I. 2001). Petitioner subsequently filed several appeals to the Rhode Island Supreme Court, arguing that his intoxication during the crime created a "diminished capacity," thus warranting a reduction of his sentence. See State v. Miguel, 101 A.3d 880, 883-84 (R.I. 2014) (affirming the Superior Court's denial of Miguel's Rule 35 Motion to Reduce Sentence); Miguel v. State, 924 A.2d 3 (R.I. 2007) (denying appeal on *res judicata* grounds); Miguel v. State, 774

A.2d 19 (R.I. 2001) (rejecting Miguel's allegations of diminished capacity and ineffective counsel).

On December 27, 2001, Petitioner filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in this Court. Miguel v. Wall, C.A. No. 01-624T. The 2001 case was dismissed, and his appeal to the First Circuit was denied on April 8, 2003. 01-624 ECF Nos. 23, 42, 43. In 2010, Petitioner again filed motions in the First Circuit attempting to challenge the conviction; the 2010 motions were denied. 01-624 ECF No. 44 (denying all motions including application for presenting a second or successive claim under 28 U.S.C. § 2244(b)(1)).

Petitioner filed a second § 2254 Petition in this Court on July 8, 2015. Miguel v. Wall, C.A. No. 15-281ML. Finding that the 2015 Petition constituted a second or successive petition over which the Court lacked jurisdiction (absent authorization from the First Circuit), the Court dismissed the case. 15-281 ECF Nos. 10, 12. Petitioner appealed, and this Court twice rejected his requests for leave to appeal *in forma pauperis* because the Court determined, *inter alia*, the appeal was without merit and not taken in good faith. 15-281 ECF Nos. 19, 24, 32. On April 15, 2016, the First Circuit denied Petitioner's request for permission to file a second or successive habeas petition. 15-281 ECF Nos. 39, 43, 45.[1]

## II. DISCUSSION

The Petition claims that the Superior Court illegally and unconstitutionally found Petitioner guilty of second-degree murder and imposed life imprisonment. ECF No. 1; see id. at 73-75. It is framed as a "motion asking permission to proceed with petition under the 28 U.S.C. 2241(c)." Id. at 1. The State's motion to dismiss does not acknowledge this; it treats the Petition

---

[1] Additional docket entries in 15-281 reveal Petitioner made repeated attempts to file second or successive petitions in the First Circuit. See 15-281 ECF Nos. 38, 44, 47, 48. Respondent asserts that the First Circuit has denied at least five requests from Petitioner to submit a second or successive habeas petition and the Court sees nothing to contradict that enumeration. ECF No. 5 at 2-3 n.2.

as though brought pursuant to 28 U.S.C. § 2254. However, as a matter of law, this is a distinction without a difference.

"Section 2241 bestows upon district courts the power to grant habeas corpus relief to a 'prisoner' who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" In re Wright, 826 F.3d 774, 778 (4th Cir. 2016) (quoting 28 U.S.C. § 2241(a), (c)(3)). "Section 2254, on the other hand, applies to a subset of those to whom § 2241(c)(3) applies – it applies to 'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (quoting 28 U.S.C. § 2254(a)) (emphasis in original). "In a United States District Court, state prisoners . . . 'can only obtain habeas relief through § 2254, no matter how [their] pleadings are styled.'" Bissonette v. Dooley, No. CV 16-5120-JLV, 2017 WL 3995557, at *2 (D.S.D. Sept. 11, 2017) (quoting Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001)). That is, a petitioner may not "circumvent the prohibition against successive petitions by styling the petition as being brought under § 2241." Keselica v. Wall, No. CIV.A. 07-67 T, 2007 WL 2667973, at *6 (D.R.I. Mar. 20, 2007) (collecting cases). In short, the law is clear – because § 2254 is Petitioner's "only path for habeas corpus relief," Bissonette, 2017 WL 3995557, at *2, the Court must apply the jurisdictional rules for second or successive § 2254 petitions to the instant Petition despite its invocation of § 2241.

In examining the viability of the Petition under those rules, the Court remains bound by the principles established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides, without exception, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior [federal] application <u>shall</u> be dismissed." 28 U.S.C. § 2244(b)(1) (emphasis added). A second or

successive habeas corpus application is one filed after a previous application by the same petitioner has been adjudicated on the merits. Dickinson v. Maine, 101 F.3d 791 (1st Cir. 1996). The AEDPA provides that before a "second or successive application" for habeas corpus relief is filed in the District Court, the applicant must obtain an order from the Court of Appeals authorizing the District Court to consider such application. 28 U.S.C. § 2244(b)(3)(A). "This provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a successive or second habeas petition unless and until the court of appeals has decreed that it may go forward." LeBlanc v. Wall, C.A. No. 05-294ML, 2005 WL 2972991, at *1 (D.R.I. Oct. 19, 2005) (emphasis in original) (citing Pratt v. United States, 129 F.3d 54, 55-57 (1st Cir. 1997)).

The Petition constitutes a second or successive petition that this Court does not have jurisdiction to consider absent authorization from the Court of Appeals. 28 U.S.C. 2244(b)(3)(A); see also Rule 9 of the Rules Governing § 2254 cases. Petitioner did not obtain the necessary authorization from the Court of Appeals before filing it. Accordingly, I recommend that this action be dismissed pursuant to 28 U.S.C. § 2244(b)(1) as an improper "second or successive" petition.

### III.   CONCLUSION

Based on the foregoing, I recommend that the Court grant the State's Motion (ECF No. 5) and dismiss the Petition (ECF No. 1).

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's

decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 30, 2019